KATHERINE A. ALBERTS, ESQ. (SBN: 212825)
**LEONE & ALBERTS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Tel:  (925) 974-8600
Fax:  (925) 974-8601

Attorneys for Defendant
ALAMEDA UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA QUICK-PANWALA; | **Case No.: 3:19-cv-5434** |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(b) and 1441(c) [FEDERAL QUESTION]** |
| ALAMEDA UNIFIED SCHOOL DISTRICT; and DOES 1 through 10; | **(Alameda County Superior Court Case No. HG19028643)** |
| Defendants. | |
| | **Action Filed:  July 25, 2019** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant ALAMEDA UNIFIED SCHOOL DISTRICT hereby removes to this Court, the State court action of *Karma Quick-Panwala v. Alameda Unified School District, et al.*, Alameda County Superior Court Case No. HG19028643 pursuant to 28 U.S.C. §§1441(b) and 1441(c).

Removal is based on the following grounds:

1. On July 25, 2019, a Summons and Complaint for Damages was filed in the Superior Court of the State of California, Alameda County, where this action is now pending as *Karma Quick-Panwala v. Alameda Unified School District, et al.*, Alameda County Superior Court Case No. HG19028643.  Defendant was served with the Summons, Civil Cover Sheet, and

1  Complaint on June 30, 2019.  A true and correct copy of the Summons, Civil Case Cover Sheet,
2  and Complaint, are attached hereto as **Exhibit A**.  No other papers or pleadings have been served
3  on Defendant in this Action.
4        2.      Defendant's answer to the Complaint was filed in Alameda County Superior
5  Court Case No. HG19028643 on August 29, 2019.  A copy of Defendants' answer with demand
6  for jury trial is attached hereto as **Exhibit B**.  Defendant has not filed any other papers or
7  pleadings in this matter in the Superior Court.
8        3.      The Complaint asserts cause of actions against this removing Defendant for
9  violation of 42 U.S.C. § 12131, et seq. [Title II of the Americans with Disabilities Act] [Compl.,
10 pp. 7:1- 9:5] and 29 U.S.C. § 794, *et seq*. [violation of Section 504 of the Rehabilitation Act]
11 [Compl., pp. 9:7 - 10:8].  The Complaint also includes State law claims.
12       4.      This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §
13 1331 because Plaintiff has alleged violations arising under the laws of the United States, namely
14 42 U.S.C. § 12131 [Compl., pp. 7:1 - 9:5] and 29 U.S.C. § 794, *et seq*. [Compl., pp. 9:7 - 10:8].
15       5.      This Court has supplemental jurisdiction over Plaintiff's State law claims
16 pursuant to 28 U.S.C. § 1367(a) because they arise from the same set of facts giving rise to
17 Plaintiff's federal claim such that Plaintiff's federal law and state law claims "form part of the
18 same case or controversy under Article III of the United States Constitution" under 28 U.S.C. §
19 1367(a).
20       6.      Removal of this action to this Court is proper under 28 U.S.C. § 1441(b) because
21 removal is based on a claim arising under federal law, namely, 42 U.S.C. § 12131 and 29 U.S.C.
22 § 794, *et seq*.  See *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998):  "[S]tate-court actions that
23 original could have been filed in federal court may be removed to federal court by defendant . . .
24 federal jurisdiction exists . . . when a federal question is presented on the face of the Plaintiff's
25 properly pleaded complaint."  Plaintiff's claims are based upon, and necessarily involve,
26 construction and application of federal law in that plaintiff claims to have suffered a violation of
27 her civil rights under the Americans with Disabilities Act, 42 U.S.C. § 12131, and Section 504 of
28 the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

2

> [T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*(Rivet v. Regions Bank of Louisiana* (1998) 522 U.S. 470, 475 (quoting *Caterpillar, Inc. v. Williams* (1987) 482 U.S. 386, 392 (internal quotation marks omitted); *see also, City of Chicago v. International College of Surgeons* (1997) 522 US 156, 165). On its face, Plaintiff's complaint expressly alleges independent and separate claims arising solely under federal law. 28 U.S.C. §1441(b).

7. The joinder of claims based on State law does not defeat removal jurisdiction. 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matter in which State law predominates.

8. Fewer than thirty (30) days have elapsed since Defendant learned of and received a copy of plaintiff's complaint such that this matter became removable to this Court. 28 U.S.C. § 1446(b).

9. Venue is proper in the United States District Court for the Northern District of California because this action arises out of occurrences alleged to have taken place in Alameda County, California. See 28 U.S.C. § 1391(b).

10. This notice of removal is signed by counsel for removing Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure. The named Defendant has consented to the removal.

WHEREFORE, Defendant respectfully requests that this action be removed to this Court.

Dated:   August 29, 2019            **LEONE & ALBERTS**

                                          /s/ Katherine A. Alberts
                                          KATHERINE A. ALBERTS
                                          Attorneys for Defendant
                                          ALAMEDA UNIFIED SCHOOL DISTRICT

DEFENDANT ALAMEDA UNIFIED SCHOOL DISTRICT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441