# EXHIBIT A

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Pablo A. Almazan (SBN 274013); Trevor J. Finneman (SBN 275131)<br>Almazan \| Finneman<br>445 S. Figueroa St., Suite 3100<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (310) 280-6767   FAX NO.: (323) 272-3315<br>ATTORNEY FOR *(Name):* Plaintiff Karma Quick-Panwala | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>JUL 25 2019<br>CLERK OF THE SUPERIOR COURT<br>By Roni Gill<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Oakland - René C. Davidson Courthouse

CASE NAME: Karma Quick-Panwala v. Alameda Unified School District, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | HG19028643<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Five (5)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2019

Trevor J. Finneman
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALAMEDA UNIFIED SCHOOL DISTRICT; and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KARMA QUICK-PANWALA

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUL 25 2019

CLERK OF THE SUPERIOR COURT
By ____Roni Gill____
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

BY FAX

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court
Oakland - René C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
HG19028643

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Trevor Finneman; Almazan | Finneman, 445 S Figueroa St, Ste 3100, Los Angeles, CA 90071; 310.280.6767

DATE: **JUL 25 2019**      Clerk, by ___Roni Gill___, Deputy
*(Fecha)*      **Chad Finke**      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Alameda Unified School District**
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP416.50 Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

ALMAZAN | FINNEMAN
Pablo A. Almazan – SBN 274013
pablo.almazan@alfilaw.com
Trevor J. Finneman – SBN 275131
trevor.finneman@alfilaw.com
445 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone: (310) 280-6767
Facsimile: (323) 272-3315

Attorneys for Plaintiff
KARMA QUICK-PANWALA

ENDORSED
FILED
ALAMEDA COUNTY
JUL 2 5 2019
CLERK OF THE SUPERIOR COURT
By _____ Roni Gill, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA
### (UNLIMITED JURISDICTION)

| | |
|---|---|
| KARMA QUICK-PANWALA,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT; and DOES 1 through 10, Inclusive.<br><br>Defendants. | CASE NO.: **HG19028643**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Title II of the Americans with Disabilities Act [42 U.S.C. §12131, *et seq.*];<br>2. Section 504 of the Rehabilitation Act [29 U.S.C. § 794, *et seq*];<br>3. California Unruh Civil Rights Act, [Cal. Civ. Code 51, *et seq.*];<br>4. California Disabled Persons Act [Cal. Civ. Code § 54.1, *et seq.*]; and<br>5. California Government Code § 11135.<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

COMPLAINT

Plaintiff KARMA QUICK-PANWALA alleges on information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff Karma Quick-Panwala ("Plaintiff") brings this action for declaratory relief, injunctive relief, and damages against the Alameda Unified School District ("District" or "Defendant") and DOES 1-10, inclusive, for discrimination on the basis of disability, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. ("Section 504"), the federal regulations implementing the ADA and Section 504, and related California civil rights laws.

2. Plaintiff, who is severely hard of hearing, alleges that Defendant failed to provide her with effective communication by refusing to provide her with captioning services as a matter of policy and despite the fact that such services were necessary to ensure her equal access to Defendant's services, programs, and activities.

3. As a result of Defendant's acts and omissions, Plaintiff was unable to effectively participate in Individual Education Plan ("IEP") team meetings to which she was invited as both a participant and companion, and was denied full and equal access to Defendant's programs, services, and activities, and has been caused to experience difficulty, distress, discomfort, embarrassment, frustration, and inconvenience.

4. Until the Defendant's discriminatory policies are modified, Plaintiff will continue to be rendered unable to effectively communicate during IEP meetings to which she is invited as a participant and companion, will continue to be denied full and equal access to Defendant's programs, services, and activities, and will continue to be caused to experience difficulty, distress, discomfort, embarrassment, frustration, and inconvenience.

5. Through this lawsuit, Plaintiff seeks an injunction requiring that Defendant provide her with the auxiliary aids and services necessary to ensure she has effective communication during IEP meetings as required by law. Plaintiff also seeks compensation for her damages, payment of her attorneys' fees, and reimbursement of the costs and litigation expenses necessary to enforce her civil rights through this action.

//

## JURISDICTION AND VENUE

6. The acts and omissions that form the basis for the causes of actions in this complaint occurred in Alameda County, California. Both jurisdiction and venue thus properly lie with this Court. The amount in controversy exceeds this Court's jurisdictional minimum.

## PARTIES

7. Plaintiff Karma Quick-Panwala is severely hard of hearing. Plaintiff is, and at all times relevant herein was, a qualified individual with a "disability" as defined by the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 36.104) and California law (Cal. Gov. Code § 12926); and a "handicapped person" as defined under Section 504 of the Rehabilitation Act and its implementing regulations (29 U.S.C. § 794 (incorporating by reference 29 U.S.C. § 705(9)); 45 C.F.R. § 84.3(J)).

8. Defendant Alameda Unified School District is a public school entity established pursuant to California law, with its primary offices located at 2060 Challenger Drive, Alameda, California 94501.

9. Plaintiff is currently unaware of the true names and identities of DOE Defendants 1 through 10 and therefore sues those Defendants by these fictitious names. Plaintiff will amend her complaint to allege the DOE Defendants' legal names and capacities as soon as such information is ascertained. Plaintiff is informed and believes, and, based thereon alleges, that at all times herein mentioned each and every Defendant was the agent, servant, employee, co-conspirator, and/or representative of each and every other Defendant and was, in doing the things complained of herein, acting within the scope of said agency, service, employment, conspiracy, and/or representation, and that each and every Defendant was acting within his/her actual or apparent authority with the full knowledge and consent of each other Defendant.

## EXHUASTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has exhausted her administrative remedies by timely filing government claims with Defendant pursuant to Section 910, *et seq.* of the California Government Code. This action was timely filed following the denial of Plaintiff's claims.

//

# FACTUAL BACKGROUND

11. Plaintiff Karma Quick-Panwala is severely hard of hearing and wears two (2) digital hearings aids.

12. In a meeting setting, Plaintiff has significant difficulty understanding speech without utilizing Communication Accessed Realtime Translation ("CART") services. In meetings involving multiple participants, including IEP meetings, Plaintiff has significant difficulty understanding speech without utilizing CART services.

13. Plaintiff is a law school graduate and special education advocate. Plaintiff assists families with special education matters and assists families with children attending schools within Defendant's school district.

14. As a special education advocate, Plaintiff is frequently asked by parents to participate in IEP meetings as a member of the IEP team because of Plaintiff's knowledge and special expertise in the area of special education.

15. In light of Plaintiff's degree of hearing loss and the importance of timely and accurate communications in IEP settings, the accommodation required to provide Plaintiff with effective communication in IEP settings is CART services. CART services is also Plaintiff's preferred auxiliary aide and service for IEP meetings.

16. In the past, Plaintiff has used CART services during IEP meetings, including an IEP meeting with Defendant on or about May 24, 2018.

17. Plaintiff's entitlement to CART services in an IEP setting has been repeatedly acknowledged by various other school districts, including San Francisco Unified School District, Oakland Unified School District, Oakley Elementary Unified School District, Fremont Unified School District, Livermore Joint Unified School District, Pleasanton Unified School District, Lammersville Joint Unified School District, and Morgan Hill Unified School District. These school districts provide CART services to Plaintiff at IEP meetings as a matter of course.

18. At all times relevant herein, Plaintiff represented "J.A.," a minor receiving special education services from Defendant. Because of Plaintiff's knowledge and special expertise in the

-3-
COMPLAINT

area of special education, J.A.'s parents invited Plaintiff to participate in IEP meetings for J.A. with Defendant on May 24, 2018, September 20, 2018, and April 26, 2019.

19. As a participating member of J.A.'s IEP team, Defendant had an obligation to provide Plaintiff with auxiliary aids and services as needed to ensure she was provided effective communication during J.A.'s September 20, 2018 and April 26, 2019 IEP meetings.

20. As the special education advocate for J.A., Plaintiff was also an appropriate person for Defendant to communicate with during J.A.'s September 20, 2018 and April 26, 2019 IEP meetings.

### September 20, 2018 IEP Meeting

21. In advance of J.A.'s September 20, 2018 IEP meeting, both J.A.'s mother and Plaintiff asked that Defendant provide Plaintiff with CART services during J.A.'s IEP meeting as a reasonable accommodation.

22. On September 10, 2018, Defendant's Senior Manager of Student Support, Joanne Murphy (at the direction of Victoria Forrester, Defendant's Director of Special Education), informed Plaintiff that Defendant would not provide CART because Plaintiff is "not a mandatory member of the IEP team."

23. That same day, Plaintiff reiterated her request for CART as a reasonable accommodation at J.A.'s IEP meeting on September 20, 2018. Plaintiff noted that, "due to the severity of my hearing loss, I will not be able to participate in the IEP meeting without the accommodation."

24. Ms. Murphy again denied Plaintiff's accommodation request on September 11, 2018.

25. Defendant did not provide CART or any other auxiliary aid and service to ensure effective communication for Plaintiff at J.A.'s IEP meeting on September 20, 2018.

26. As a result of the denial of Plaintiff's accommodation requests, Plaintiff was denied effective communication during J.A.'s September 20, 2018 IEP meeting.

27. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendant to other IEP team members.

-4-
COMPLAINT

**April 26, 2019 IEP Meeting**

28. In advance of J.A.'s April 26, 2019 IEP meeting, both J.A.'s mother and Plaintiff asked that Defendant provide Plaintiff with CART services as a reasonable accommodation.

29. For example, on March 29, 2019, J.A.'s mother sent an email to Cory Spells, a special education instructor at Defendant's Maya Lin Elementary School, to schedule J.A.'s next IEP meeting. In that same email, J.A.'s mother also requested CART services for Plaintiff: "I'm going to need CART services for my Advocate so she can fully participate."

30. On April 9, 2019, J.A.'s mother again reiterated her request for CART services for Plaintiff in an email to Cory Spells. That same day, J.A.'s mother also emailed Joanne Murphy, Defendant's Senior Manager of Student Support, requesting CART services for Plaintiff yet again: "And I again request that the district follow the law and provide the necessary CART services."

31. In response, both Mr. Spells and Ms. Murphy indicated via email that Defendant would not provide CART for Plaintiff.

32. On April 24, 2019, Plaintiff reiterated her request for CART services in an email to Ms. Murphy and Victoria Forrester, Defendant's Director of Special Education.

33. In response. Ms. Forrester indicated that Defendant would provide CART services for Plaintiff at J.A.'s April 26, 2019 IEP meeting: "We are working to get CART services for you." To assist Defendant, Plaintiff then provided a list of CART providers.

34. Even though Ms. Forrester indicated Defendant would provide CART services for Plaintiff at J.A.'s IEP meeting on April 26, 2019, Defendant did not provide CART services or any other auxiliary aid and service. Moreover, Maya Lin's principal used her cell phone to call J.A.'s math teacher, who was not present, for updates on the student's progress during the IEP meeting. J.A.'s mother was forced to try to transcribe by hand what the math teacher was saying so that Plaintiff could try to follow the dialogue. However, the written discussion quickly outpaced J.A.'s mother's handwriting and Plaintiff was unable to meaningfully participate in the discussion.

35. As a result of Defendant's failure to provide a reasonable accommodation for Plaintiff on April 26, 2019, she was denied effective communication during J.A.'s April 26, 2019 IEP meeting. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the

benefit of and/or participation in the programs and activities offered by Defendant to other IEP team members.

### Injury To Plaintiff And Right To Relief

36. Plaintiff intends to continue serving as J.A.'s special education advocate in future IEP meetings with Defendant and will request accommodations for any future IEP meetings from Defendant.

37. As a direct result of the above, Plaintiff suffered and continues to suffer difficulty, distress, frustration, embarrassment, inconvenience, humiliation, a loss of income, and a loss of civil rights.

38. As a result of Defendant's acts and omissions, described herein, Plaintiff has been, and will continue to be denied full and equal access to Defendant's services, programs, and activities solely by reason of her disability, in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and related California state civil rights laws.

39. Plaintiff has been, and will continue to be injured by Defendant's acts and omissions, and will continue to experience difficulty, distress, frustration, embarrassment, inconvenience, humiliation, a loss of income, and a loss of civil rights.

40. As the communication access barriers and discriminatory policies and practices herein alleged are ongoing, they constitute a continuing violation of Plaintiff's rights, for which Defendant is liable.

41. Unless enjoined, Defendant will continue to engage in the unlawful acts and pattern and practice of discrimination described above. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

42. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties, and obligations under Federal and State law. Accordingly, Plaintiff is entitled to declaratory relief.

/ / /

/ / /

/ / /

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Violation of Title II of the Americans with Disabilities Act [U.S.C. §12131, *et seq*.]**

43. Plaintiff incorporates by reference all preceding paragraphs.

44. Title II of the ADA prohibits a public entity from excluding a person with a disability from participating in, or denying the benefits of, the goods, services, programs and activities of the entity or otherwise discriminating against a person on the basis of disability. 42 U.S.C. § 12132.

45. As part of their obligations under Title II, public entities are required to take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others. 28 C.F.R. § 35.160(a)(1).

46. The term "companion" is defined in the regulations as meaning "a family member, friend, or associate of an individual seeking access to a service, program, or activity of a public entity, who, along with such individual, is an appropriate person with whom the public entity should communicate." 28 C.F.R. § 35.160 (a)(2).

47. Defendant is a "public entity" pursuant to the ADA. 42 U.S.C. §12131(1)(B).

48. IEP meetings are a program, service, or activity of Defendant.

49. As an individual with disabilities and invited participant on J.A.'s IEP team, Plaintiff is entitled to effective communication from Defendant during J.A.'s IEP meetings.

50. Plaintiff qualifies as a "companion" with a disability entitled to auxiliary aids and services from Defendant during J.A.'s IEP meetings. As a special education advocate attending J.A.'s IEP meetings at J.A.'s parent's request, Plaintiff is an appropriate person with whom Defendant should communicate.

51. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendant, in violation of Title II and its implementing regulations. Defendant's discriminatory conduct includes, *inter alia*:

a. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendant to IEP team members on the basis of her disability (28 C.F.R. § 35.130(b)(1)(i));

b. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendant to IEP team members that is not equal to that afforded her non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

c. Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

d. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendant to IEP team members (28 C.F.R. § 35.130(b)(1)(vii));

e. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of disability (28 C.F.R. § 35.130(b)(3)(i));

f. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination on the basis of disability (28 C.F.R. § 35.130(b)(7));

g. Failing to take appropriate steps to ensure that communications with Plaintiff are as effective as communications with other IEP team members (28 C.F.R. § 35.160(a)(1));

h. Failing to furnish appropriate auxiliary aids and services where necessary to afford Plaintiff an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity offered by Defendant to IEP team members (28 C.F.R. § 35.160(b)(1)); and

i. Failing to give primary consideration to the auxiliary aid requested by Plaintiff (28 C.F.R. § 35.160(b)(2)).

52. Defendant's duties under the ADA are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

53. Pursuant to 42 U.S.C. § 12133 and 42 U.S.C. § 12205, Plaintiff is entitled to injunctive relief, compensatory damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

**Violation of Section 504 of the Rehabilitation Act [29 U.S.C. § 794, *et seq.*]**

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a); 34 C.F.R. § 104.4(a).

56. Defendant is a "program or activity" that receives "federal financial assistance" in the form of federal grants and loans, pursuant to 34 C.F.R. §§ 104.3(f), (h) and (k).

57. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendant to IEP team members, in violation of Section 504 and its implementing regulations. Defendant's discriminatory conduct includes, *inter alia*:

  a. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendant to IEP team members (34 C.F.R. § 104.4(b)(1)(i));

  b. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendant to IEP team members that is not equal to that afforded her non-disabled peers (34 C.F.R. § 104.4(b)(1)(ii));

  c. Providing Plaintiff with aids, benefits, or services that are not as effective as that provided other IEP team members (34 C.F.R. § 104.4(b)(1)(iii)); and

-9-
COMPLAINT

       d. Otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages or opportunities enjoyed by other IEP team members (34 C.F.R. § 104.4(b)(1)(vii)).

58. Defendant's duties under the Section 504 are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

59. Pursuant to 29 U.S.C. § 794a, Plaintiff is entitled to injunctive relief, compensatory damages, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

**Violation of Unruh Civil Rights Act [Cal. Civ. Code § 51, *et seq.*]**

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Defendant, and each school within the District, including Maya Lin Elementary School, is a business establishment for purposes of the Unruh Civil Rights Act.

62. The Unruh Civil Rights Act guarantees, *inter alia*, that persons with disabilities "are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

63. The Unruh Civil Rights Act further provides that a violation of the ADA is a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

64. The acts and omissions of Defendant, which include the acts and omissions of Defendant's school officials and employees, violated Plaintiff's rights under the Unruh Civil Rights Act by discriminating against Plaintiff on the basis of her disability.

65. Defendant has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by Defendant.

66. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

67. Defendant's duties under the Unruh Act are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference, warranting an award of treble damages.

68. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

69. Plaintiff requests judgment in her favor against Defendant as set forth in the Prayer for Relief.

## FOURTH CAUSE OF ACTION

**Violation of Disabled Persons Act [Cal. Civ. Code § 54,** *et seq.***]** *for statutory damages and attorneys' fees only*

70. Plaintiff incorporates by reference all preceding paragraphs.

71. Defendant, and each school within the District, including Maya Lin Elementary School, is a place of public accommodation for purposes of the Disabled Persons Act.

72. The Disabled Persons Act provides that "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . and privileges of all . . . places of public accommodation." Cal. Civ. Code § 54.1(a)(1).

73. The Disabled Persons Act further provides that a violation of the ADA is a violation of the Disabled Persons Act. Cal. Civ. Code § 54.1(d).

74. The acts and omissions of Defendant, which include the acts and omissions of its school officials and employees, violated Plaintiff's rights under the Disabled Persons Act by discriminating against Plaintiff on the basis of her disability.

75. Defendant's acts and omissions, described herein, violate the rights of Plaintiff under the Disabled Persons Act. Defendants have also violated the Disabled Persons Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

76. Defendant's duties under the Disabled Persons Act are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein.

Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference, warranting an award of treble damages.

77. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

### FIFTH CAUSE OF ACTION
### Violation of California Government Code § 11135

78. Plaintiff incorporates by reference all preceding paragraphs.

79. Defendant is a state agency for purposes of Government Code Section 11135.

80. Defendant, and each school within the District, including its Maya Lin Elementary School, is a public entity that receives state financial assistance.

81. California Government Code Section 11135 provides that "No person in the State of California shall, on the basis of . . . disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state." Cal. Govt. Code § 11135.

82. The acts and omissions of Defendant violated Plaintiff's rights under Government Code Section 11135 by discriminating against Plaintiff on the basis of her disability. Defendant's failure to furnish CART services for Plaintiff deprived Plaintiff of full and equal access to the to the programs, activities, and opportunities offered by Defendant.

83. Plaintiff requests judgment in her favor against Defendant as set forth in the Prayer for Relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor against Defendant and award the following relief:

1. Declare that Defendant's acts and omissions, herein described, discriminated against Plaintiff in violation of the ADA and Section 504;

2. Issue an injunction ordering Defendant to:

   a. Provide Plaintiff with CART services during IEP meetings;

      b. Modify its policies for processing requests for reasonable accommodations and auxiliary aids and services for IEP meetings; and

      c. Train District personnel as to the District's obligation to provide effective communication to persons who are deaf or hard of hearing.

*(Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the California Disabled Persons Act.)*

3. Award Plaintiff general and compensatory damages in an amount within the jurisdiction of this court;

4. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

5. Award such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: July 24, 2019                      ALMAZAN | FINNEMAN

_____
Trevor J. Finneman
Attorneys for Plaintiff
KARMA QUICK-PANWALA